■ In the Matter of the Claim of IRVING HIRSCH, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. Claimant was employed by a night club, in a covered employment under the Unemployment Insurance Law, to run an elevator and take out garbage for two hours a day, six days a week, at $13.50 a week. He was separately employed by waiters in the night club to serve them meals, bring coffee, and clear the

tables. He performed no services for the club's patrons. Each waiter contributed to claimant's wage for the work he did for him, from 50 cents to $1 a week. It is not disputed that the amount received by claimant directly from the club ($13.50) would not be sufficient to meet the minimum requirements of the statute of $15 a week (Labor Law, § 527, subd. 1), and that in order to be qualified, both forms of work would have to be considered the employment of the night club. The initial determination was that claimant was ineligible; and this was upheld by the Referee, but the Unemployment Insurance Appeal Board reversed and held that the hiring of claimant by the waiters, as employees of the night club, fell within subdivision 2 of section 560 of the Labor Law and brought claimant's work for them within the covered employment. The statute does not fairly admit of this interpretation under the facts of this case. It provides that whenever any employee " engages any other person in the work which said * * * employee is doing for the employer, such employer shall for all purposes hereof be deemed the employer of such other person " without regard to which one actually pays him; or knowledge of the hiring arrangement. It is clear, however, that the waiters hired the claimant to serve them personally and not to help them carry out the employer's work or the work the waiters were doing for the night club. The arrangement for such personal services did not, therefore, fall within the employment in which the waiters were engaged. Decision reversed and initial determination affirmed, without costs.